IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

RENEE TARTAGLIONE,

                    Defendant.

CRIMINAL ACTION
NO. 15-491

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**AND NOW**, this 11th day of April 2018, upon consideration of the Government's Motion for Preliminary Order of Forfeiture (Doc. No. 177); Defendant's Memorandum in Opposition to the Government's Motion for a Preliminary Order of Forfeiture (Doc. No. 197); the Government's Reply (Doc. No. 201); the evidence at trial; the evidence, testimony, and arguments of counsel for the parties at the January 18 and 19, 2018 hearing on forfeiture; supplemental briefs filed by the parties (Doc. Nos. 206, 207, 209, 210); and in accordance with the Opinion of the Court issued on this day, it is **ORDERED** the Government's Motion (Doc. No. 177) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. As a result of the jury's finding as to Defendant's guilt on Counts One to Forty-Nine of the Superseding Indictment (Doc. No. 3), which charged Defendant with mail fraud, wire fraud, theft from a health care benefit program, theft from a program receiving federal funds, and conspiracy to commit those offenses, Defendant is required, pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c), to forfeit her interest in any property, real or personal, that constitutes or is derived from proceeds traceable to those crimes.

2. All property, real or personal, constituting or derived from proceeds traceable to the commission of the offenses charged in Counts One to Forty-Nine that Defendant directly or indirectly obtained is forfeited to the United States.

3. The Court finds by a preponderance of the evidence that the sum of $2,401,850 is the value of all property, real or personal, constituting or derived from proceeds traceable to the commission of the offenses charged in Counts One to Forty-Nine that Defendant directly or indirectly obtained. The sum of $2,401,850 includes $2,041,750 in gross proceeds that Defendant directly obtained from the commission of these offenses, and $360,100 in appreciation on the portion of the gross proceeds that were invested in 2637-2645 North 5th Street, Philadelphia, Pennsylvania 19133 ("5th Street Building"), which is subject to forfeiture as property traceable to the gross proceeds, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(2)(A).

4. The United States moved under 18 U.S.C. § 981(a)(1)(C) and Federal Rule of Civil Procedure 32.2(b)(2) to forfeit $2,561,210 in proceeds that Defendant obtained as a result of her commission of the offenses charged in Counts One to Forty-Nine. The motion is granted in part. The United States is entitled to forfeit $2,401,850 in proceeds that Defendant obtained as a result of her commission of the offenses charged in Counts One to Forty-Nine.

5. A money judgment of $2,401,850 is entered and ordered against Defendant.

6. The Court finds by a preponderance of the evidence that the Government has established the requisite nexus between Defendant's offenses as charged in Counts One to Forty-Nine and $959,100 in escrowed funds from the sale of the 5th Street Building such that it is specific property derived from proceeds that Defendant obtained directly and indirectly

from the commission of the offenses. The $959,100 consists of $599,000 of gross proceeds that were invested in the 5th Street Building by JCMHC, plus $360,100 in appreciation on that amount traceable to these gross proceeds.

7. Therefore, $959,100 of the funds escrowed from the sale of the 5th Street Building held in the custody of the United States Marshals Service is subject to forfeiture, and Defendant's right, title, and interest in $959,100 of the escrowed funds from the sale of the 5th Street Building is forfeited to the United States.

8. Upon entry of this Order, the United States is authorized to seize $959,100 of the funds escrowed from the sale of the 5th Street Building.

9. The Court finds by a preponderance of the evidence that one or more conditions set forth in 21 U.S.C. § 853(p) exists for forfeiture of substitute assets. The Court finds that as a result of the acts and omissions of Defendant, the remaining proceeds that Defendant obtained from the commission of the offenses charged in Counts One to Forty-Nine of the Superseding Indictment, that is, $1,442,750 in proceeds cannot be located upon the exercise of due diligence and have been commingled with other property that cannot be subdivided without difficulty. The United States therefore is entitled to forfeit substitute assets equal to the remaining value of the proceeds that Defendant obtained as a result of her commission of the offenses charged in Counts One to Forty-Nine, that is, $1,442,750.

10. The United States has identified the following specific substitute assets in which Defendant has a right, title, or interest which the Government seeks to forfeit pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(b)(3):

A.  The remaining funds escrowed from the sale of the 5th Street Building, that is, $1,040,900 plus interest held by the United States Marshals Service;

B.  2254-60 North 3rd Street, Philadelphia, Pennsylvania 19133;

C.  6615-6617 Monmouth Avenue, Ventnor, New Jersey 08406;

D.  9401-11 Pacific Avenue, Apartment 9, Margate, New Jersey 08402; and

E.  2118-20 North Hancock Street, Philadelphia, Pennsylvania 191222.

11. Pursuant to 21 U.S.C. § 853(p)(2), Defendant's right, title, and interest in property identified in paragraph 10(A-E) is ordered forfeited to the United States, in a total amount not to exceed $1,442,750.

12. Upon entry of this Order, the United States is authorized to seize the balance of the escrowed funds, plus interest, from the sale of the 5th Street Building, as identified in paragraph 10(A).

13. Upon entry of this Order, the United States is authorized to conduct any discovery necessary to identify, locate, or dispose of property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

14. Any forfeited funds and the net proceeds from the sale of the forfeited property shall be applied to the forfeited amount of $2,401,850 (identified in paragraph 5).

15. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall, upon entry of this Order, post on an official internet government forfeiture site (http://www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the Government's intent to dispose of the property identified in paragraphs 6 and 10 in such a manner as the Attorney General may direct. This notice shall state that any person, other than Defendant, having or claiming a legal

interest in any of the property subject to this Order must file a petition with the Court within thirty-five (35) days of the receipt of actual notice or within sixty (60) days after the first day of publication on the official internet government forfeiture site. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

16. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property identified in paragraphs 6 and 10, or to their attorney if they are represented, as a substitute for publishing notices to those persons so notified. If direct written notice is provided, any person having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days after the notice is received.

17. Any person, other than Defendant, asserting a legal interest in the property identified in paragraphs 6 and 10 may, within the time periods described above for notice by publication and for direct written notice, petition the court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

18. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on a petition filed under 21 U.S.C. § 853(n)(2), discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

19. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Judgment and Preliminary Order of Forfeiture shall become final as to Defendant at sentencing and must be made part of the sentence and included in the judgment entered in this case.

20. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(C)(iii), (e).

21. The Clerk of Court shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation, the United States Marshals Service, and counsel for the parties.

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.